ADR

Fee Paid

1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name  Finney        Hampton        L.
             (Last)         (First)        (Initial)

3  Prisoner Number  D-70607

4  Institutional Address  P.O. Box 9 / 120-1-58u
5  Avenal, CA 93204-0009

6  ================================================================
   UNITED STATES DISTRICT COURT
7  NORTHERN DISTRICT OF CALIFORNIA

8  Hampton Leon Finney                  )
   (Enter the full name of plaintiff in this action.)  )
9                                       )   Case No.  C08 02069 RMW
             vs.                        )
10                                      )   (To be provided by the clerk of court)
   J. D. Heartley, warden               )
11 Avenal State Prison                  )   PETITION FOR A WRIT
                                        )   OF HABEAS CORPUS
12 _____  )
                                        )
13 _____  )
                                        )
14 (Enter the full name of respondent(s) or jailor in this action)  )
                                        )
15 _____  )

16 ================================================================
   Read Comments Carefully Before Filling In

Filed APR 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

17 When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS              - 1 -

1  Who to Name as Respondent

2       You must name the person in whose actual custody you are. This usually means the Warden or
3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4  you are imprisoned or by whom you were convicted and sentenced. These are not proper
5  respondents.
6       If you are not presently in custody pursuant to the state judgment against which you seek relief
7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack
9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1. What sentence are you challenging in this petition?

12       (a) Name and location of court that imposed sentence (for example; Alameda
13       County Superior Court, Oakland): Los Angeles Superior Court   1725 main Street
14       Santa Monica Div. - West       Santa Monica, CA 90401
15       Court                           Location
16       (b) Case number, if known  A089004
17       (c) Date and terms of sentence  October 30 1987 - 31 to Life
18       (d) Are you now in custody serving this term? (Custody means being in jail, on
19       parole or probation, etc.)    Yes  X    No ____
20       Where?
21       Name of Institution: Avenal State Prison
22       Address: P.O. Box 9 - Avenal CA 93204-0009

23       2. For what crime were you given this sentence? (If your petition challenges a sentence for
24  more than one crime, list each crime separately using Penal Code numbers if known. If you are
25  challenging more than one sentence, you should file a different petition for each sentence.)
26  (1) 1st degree murder - P.C. Sect. 187 (25 yrs. to life)
27  (2) Assault w/deadly weapon - P.C. Sect. 245(A)(2) (4 years)
28  (3) Gun Use allegation - P.C. Sect. 12022.5 (2 years)

PET. FOR WRIT OF HAB. CORPUS            - 2 -

1    3. Did you have any of the following?

2       Arraignment:                          Yes _X_    No ____

3       Preliminary Hearing:                  Yes _X_    No ____

4       Motion to Suppress:                   Yes ____   No _X_

5    4. How did you plead?

6       Guilty _X_   Not Guilty _※_   Nolo Contendere ____
     ※ Plead NOT GUILTY — Convicted by Jury. PLEAD GUILTY "PLEA
7       Any other plea (specify) Bargain" after trial (2 Pleadings!)

8    5. If you went to trial, what kind of trial did you have?

9       Jury _X_    Judge alone ____    Judge alone on a transcript ____
     ※ Jury Verdict set-aside via PLEA AGREEMENT
10   6. Did you testify at your trial?       Yes _X_    No ____

11   7. Did you have an attorney at the following proceedings:

12      (a)  Arraignment                     Yes _X_    No ____

13      (b)  Preliminary hearing             Yes _X_    No ____

14      (c)  Time of plea                    Yes _X_    No ____

15      (d)  Trial                           Yes _X_    No ____

16      (e)  Sentencing                      Yes _X_    No ____

17      (f)  Appeal                          Yes N/A    No ____

18      (g)  Other post-conviction proceeding  Yes N/A    No ____

19   8. Did you appeal your conviction?      Yes ____   No _X_
     "PLEA AGREEMENT"
20      (a)  If you did, to what court(s) did you appeal?

21           Court of Appeal                  Yes ____   No ____

22           Year: _____  Result: _____

23           Supreme Court of California      Yes ____   No ____

24           Year: _____  Result: _____

25           Any other court                  Yes ____   No ____

26           Year: _____  Result: _____

27

28      (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS            - 3 -

|   |   |   |
|---|---|---|
| 1 | petition? | Yes N/A  No____ |
| 2 | (c) Was there an opinion? | Yes N/A  No____ |
| 3 | (d) Did you seek permission to file a late appeal under Rule 31(a)? | |
| 4 | | Yes N/A  No____ |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?  *This Petition deals with my 9/13/06 Parole Hearing.*  Yes____  No____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: *Superior Ct. of CA, County of Los Angeles*

Type of Proceeding: *Habeas Corpus Petition*

Grounds raised (Be brief but specific): *Case No. BH004658*

a. *Violation of Contract/Plea Agreement*

b. *No Evidence showing "Current" unreasonable risk of danger to society if released from prison.*

c. *No case factors contain violence or viciousness beyond minimum elements to sustain conviction.*

Result: *Denied*  Date of Result: *6/18/07*

II. Name of Court: *Court of Appeal, CA, Second District*

Type of Proceeding: *Habeas Corpus Petition*

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS       - 4 -

1  a. Violation of Contract/Plea Agreement
2  b. No Evidence Showing "Current" unreasonable risk of danger to society if released from prison.
3  
4  c. No case factors contain violence or viciousness beyond minimum elements to sustain conviction.
5  Result: Denied           Date of Result: 9/6/07
6  III. Name of Court: California Supreme Court
7  Type of Proceeding: ~~Habeas~~ Petition for Review
8  Grounds raised (Be brief but specific):
9  a. Violation of Contract/Plea Agreement
10 b. No Evidence Showing "Current" unreasonable risk of danger to society if released from prison.
11 c. No case factors contain violence or viciousness beyond minimum elements to sustain conviction.
12 d. "Some Evidence" standard of review, improper measure to apply where Liberty Interest is at stake.
13 Result: Denied           Date of Result: 11/14/07
14 IV. Name of Court: _____
15 Type of Proceeding: _____
16 Grounds raised (Be brief but specific):
17 a. _____
18 b. _____
19 c. _____
20 d. _____
21 Result: _____ Date of Result: _____
22 (b) Is any petition, appeal or other post-conviction proceeding now pending in any court?
23 Yes X   No ___
24 Name and location of court: U.S. District Court, Northern Dist. of CA
   Case No. C 05-4576 RMW (PR)
25 B. GROUNDS FOR RELIEF
26 State briefly every reason that you believe you are being confined unlawfully. Give facts to
27 support each claim. For example, what legal right or privilege were you denied? What happened?
28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS           - 5 -

1 | need more space. Answer the same questions for each claim.

2 | [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4 | 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5 | Claim One: _Please See Page 6A-H Attached_

6 |

7 | Supporting Facts:_____

8 |

9 |

10 |

11 | Claim Two: _Please See Page 6A-H Attached_

12 |

13 | Supporting Facts:_____

14 |

15 |

16 |

17 | Claim Three: _Please See Page 6A-H Attached_

18 |

19 | Supporting Facts:_____

20 |

21 |

22 |

23 | If any of these grounds was not previously presented to any other court, state briefly which

24 | grounds were not presented and why:

25 |

26 |

27 |

28 |

PET. FOR WRIT OF HAB. CORPUS        - 6 -

## CLAIM ONE

The Board of Parole Hearing's practice of ignoring petitioner's contract with the state (i.e., a plea bargain to first degree murder in exchange for dismissal of special circumstance allegations) violate petitioner's State and Federal constitutional due process rights under Article VI clause 2, and the Fifth and Fourteenth Amendments respectively.

A. Petitioner is being denied due process by the Board's failure to apply "Principles of equity" to the contract of the plea bargain agreement and has therefore reduced the contract to one lacking in "Adequate consideration" to petitioner and one benefiting only the state.

B. The finding of unsuitability by the Board of Parole Hearings based on factors dismissed by the district attorney violate: the plea bargain; the requirement of proof beyond a reasonable doubt of every fact used to increase punishment; the mandate to specifically find and point to reliable facts/circumstances beyond the minimum to sustain the conviction; and due process of law – both state and federal. Such violations deprive petitioner of his constitutionally protected liberty interest in parole under penal code section 3041(b).

C. Under the principals of contract law, the Parole Board violated Petitioner's due process of law when they invalidated his plea bargain by considering and applying evidence considered under contract law as "Parole Evidence", and by such actions traversed outside the agreement to justify denial of parole.

D. The Board's use of the Probation Officer's report violated state statutory law and state and Federal constitutional law – Right to confrontation.

Petitioner's contractual plea agreement with the State of California entailed a "Dismissal" of all <u>Special Circumstance</u> allegations surrounding the commitment offense. This contract was entered into after petitioner was found guilty by jury trial. (see: Petition for review, Exhibit "E").

At petitioner's **September 13, 2006**, Subsequent Parole Consideration Hearing, the Board of Parole Hearings (BPH) through the use of New Terms and New Factual Considerations, recharacterized and reexamined petitioner's commitment offense and used "dismissed" facts and allegations to conclude that petitioner would pose an unreasonable risk of danger to the public if released from prison.

6-A

## CLAIM ONE

The panel deemed petitioner unsuitable for parole by relying on several subfactors listed in Title 15, California Code of Regulations §2402(c)(1), describing petitioner's commitment offense as being:

> 1. "Carried out in a manner which demonstrates an exceptionally callous disregard for human suffering." (15 CCR §2402 (C)(1)(D), and
>
> **2. "Multiple victims were attacked, injured or killed in same or separate incidents." (15 CCR §2402 (C)(1)(A)**

These factors are subcategories listed under the heading of murder committed "in an especially heinous, atrocious, or cruel manner." (15CCR §2402 (C)(1)
The Board copied the language from Cal. Penal Code §190.2 a **"Special Circumstance"** applicable only to particular egregious first degree murders punishable by the **"death penalty or life imprisonment without parole."** Subsection (a)(14) of the Special Circumstance Statue, Cal. Penal Code §190.2, reads, " the murder was especially heinous, atrocious, or cruel "which, the statue explains, means "manifesting exceptional depravity… a conscious or pitiless crime that is unnecessarily tortuous to the victim." – (Proposition 7.)

The Board of Parole Hearings relied on the "Special Circumstance" factors and language listed in their promulgated regulations to <u>reattach</u> special circumstance allegations to petitioner's commitment offense in violation of petitioner's State and Federal Constitutional Due Process Rights.

It cannot be logically or reasonably argued that the Board's reliance on their regulations to alter the terms of petitioner's contract is lawful where;

> "Any law which causes deviation from the terms of the contract by postponing or accelerating period or performance not expressed, or dispensing with performance or those that are expressed, however apparently immaterial in their effect upon contract impairs its obligation" <u>Green v. Biddle</u>, (1823) 21u.s.1,5 L.Ed.547.
> "mere inadequacy of consideration is not of itself a sufficient ground to set aside a contract unless the inadequacy be such as amount to apparent fraud, or unless the situation of the parties be so unequal as to give one the opportunity of making his own terms." <u>Eyre v. Potter</u>, (U.S.N.C. 1853) 56 U.S. 42 at 43; Also see: <u>INS v. St.Cyr</u>, 533 U.S. 289,325, finding contract terms do not become less enforceable for their being conditional.

The degree of impairment to the contract and its obligations is immaterial (U.S.C.S. Constitution, Article I, §10, clause 1, note 143… degree of impairment) the simple inescapable truth is the state is actively ignoring all contractual obligations under the plea agreement and applying <u>dismiss</u> "Special Circumstance" factors and language to resentence petitioner to Life without the possibility of Parole as further confirmed by the statements made by the Los Angeles County Deputy District Attorney representing the D.A.'s office at petitioner's September 13, 2006 hearing stating;

"… this inmate **should never be released.**" (BPH trans.,p.62, 11-13).

6-B

## CLAIM ONE

The U.S. Supreme Court in <u>Eyre v. Potter</u>, supra, 56 U.S. 42 stated:
"A Court of Equity looks upon inadequacy of consideration as a mark of fraud or imposition; and where the inadequacy is so gross as to excite an exclamation, & c; it is proof of imposition. . . ."

Under <u>Santobello v. New York</u>, 404 U.S. at 263, petitioner has a due process right to enforce provisions of his plea agreement. Under <u>Ricketts v. Adamson</u>, 483 U.S. 1, 6, the state court was required to interpret petitioner's plea agreement pursuant to California Contract Law, in not doing so, it failed to apply clearly established federal law set forth by the United States Supreme Court 28 U.S.C. §2254 (D)(1).

At Petitioner's September 13, 2006, subsequent Parole Consideration Hearing, the evidence before the Board showed that no circumstance of petitioner's commitment offense was more aggravated or violent than the minimum necessary to sustain a conviction for the offense(s) plead to via plea agreement. The evidence underlying the Board's decision must have some indicia of reliability. <u>McQuillion v. Duncan</u>, 306 F.3d 895,904 (9th cir.2002). Federally Protected Interest in Parole Release under California Penal Code §3041, state, prisoners whose sentence allow for the possibility of parole have an interest in a parole release date. <u>Irons v. Carey</u>, 479 F.3d 658,662 (9th Cir. 2007). As such, an offense must be "particular egregious" to justify the denial of parole. <u>In re Dannenberg</u>, 34 Cal. 4th 1061,1095.

At petitioner's September 13, 2006, subsequent Parole Consideration Hearing, the Board of Parole Hearings violated petitioner's state and federal Constitutional Due Process Rights by considering and applying evidence considered under Contract Law as Parole Evidence- traversing outside of the plea agreement to justify denial of parole.

The Board relied on facts previously dismissed via plea agreement which focused on The Special Circumstance allegations. Under contract principles, it is solely <u>the dismissal of such facts</u> which merged with the agreement and not evidence substantiating such facts. The dismissals merging and the agreement giving rise to the dismissal cannot be "changed or modified" at the whim of any party.

In analyzing claims brought under contract law, a court is only called upon legally to interpret the face of the document and only that evidence under the agreement which conclusively substantiated the precise terms of the agreement. (see:<u>Blakely v. Washington</u>, (2004) 542 U.S.C. 296; <u>Apprendi v. New Jersey</u>, (2000) 530 U.S. 466; Cal. Evid. Code 3d. Vol.2, p.943 996)

At petitioner's September 13, 2006, Subsequent Parole Consideration Hearing, the Board violated petitioner's federal Constitutional Due Process Rights by constructing its statement of facts of petitioner's commitment offense exclusively from the Probation Officer's Report (2006 BPH Trans.,p.p 9-12). The Probation Officer's Report is a <u>hearsay document</u> and is not analogous to testimony, as it was not signed under penalty of perjury, nor has the author stated that the facts contained therein were based on his own personal knowledge. (see: Evid. Code §1292;§1271) Moreover, the petitioner has not been afforded the opportunity to cross-examine the author of this document, nor the source of the author's information.

## CLAIM ONE

The use of this document constitutes a violation of petitioner's Sixth Amendment right to confrontation under the U.S. Constitution.

Additionally, the source of the information contained in said Probation Officer's Report was derived from petitioner's <u>trial</u>, in which the "Jury Verdict" was set-aside via plea agreement. (see: 2006 BPH Trans.,pp. 9-12;74, 4-5.) Accordingly no evidence, statements, reports, findings, etc...obtained from said trial can survive contractual plea agreement.

The court in <u>U.S. v. Goodson</u>, (8th cir.1999) 165F.3d 610, ruled that: "The prosecution may not use... false evidence, or allow it to go uncorrected." "Defendant's conviction must be reversed on due process grounds where the government knowingly elicits, or fails to correct, materially false statements from its witnesses" <u>U.S. v. Haese</u>, (5th Cir.1998) 162 F.3d 359. "Due process requires that a convicted person not be sentenced on materially untrue assumptions or misinformation" <u>U.S. v. Miller</u>, (2nd Cir.2001) 263 F.3d1. Statue dictates that all evidence must have an INDICIA OF RELIABILITY "Decisions of the parole commission must have a factual basis" <u>Phifer v. Clark</u>, (7th Cir 1997) 115 F. 3d 496.

Lastly, there is no certification verifying the document as a valid business record, nor affidavit from a custodian of records attesting to the fact that the document was prepared and retained in the normal course of business. (see;e.g., Evid.Code §1271.) Petitioner objects to the state's use of this hearsay document in constructing its statement of facts.

## CLAIM TWO

**The Board's reliance on inappropriate, unsupported and even contradictive findings to justify extending petitioner's imprisonment far beyond the statutorily required term (§3041 (a) *violate petitioner's State and Federal Constitutional Due Process Rights under Article VI, clause 2, and Fifth and Fourteenth Amendments.**

    **A. Fifteen separate factors must be considered in determining a "current" unreasonable risk of danger to society.**

    **B. The commitment offense may at times be deemed sufficient on its own to deny parole, but only, when it can be reasonably considered more violent than minimally necessary to sustain a conviction.**

    At petitioner's September 13, 2006, Subsequent Parole Consideration Hearing, the Board of Parole Hearings failed to give petitioner "individualized consideration" of all relevant factors specified by statute and regulation in Cal. Code Regs., tit 15, §2402 subds.(d). The applicable statues and regulations provide six nonexclusive circumstances tending to show parole unsuitability and nine circumstances tending to show suitability. Petitioner meets the criteria for all of the "circumstances tending to show suitability" with the exception of #5-Battered Woman Syndrome. However, the Board failed to give "individualized consideration" to all of the evidence before it by failing to consider factors #1. No Juvenile Record; #3. Signs of Remorse; #4.Motivation for Crime; #6. Lack of Criminal history; and #7. Age.

    Courts must ensure that the evidence relied on by the Board in meeting the "some evidence" standard is both reliable and of a solid value. It is not sufficient for the Board to derive findings from a silent or misconstrued record. Reviewing courts must determine if the Board gave petitioner "individualized consideration of all relevant factors" and that the Boards conclusion was neither arbitrary nor capricious. (see: U.S. Const., 5th, 14th Amends. Cal. Const., Art. I, §7, subd (a)

    The Board may not adopt a blanket no-parole policy for particular offenses, such as murder, as its sole reliance on the commitment offense violate Penal Code §3041, subd. (a)'s provision that a parole date "shall normally be set" under "uniform term" principles. A blanket no parole policy for, say, the crime of murder contravenes the inmates constitutionally protected liberty interest in parole.

    At petitioner's September 13, 2006, Subsequent Parole Consideration Hearing, the overwhelming evidence showed that no circumstance of petitioner's commitment offense reasonably could be considered more aggravated or violent than the minimum necessary to sustain a conviction for that offense. (In re Rosenkrantz, (2002) 29 Cal. 4th 616,683) There is no evidence petitioner "tormented, terrorized, or injured [his victim] before deciding to shoot him; or that he gratuitously increased or unnecessarily prolonged his pain and suffering", because the relevant evidence shows no conduct (beyond the minimum required for conviction of first degree murder) showing a callous disregard for human suffering, the Board's use of this factor was arbitrary and capricious. (U.S. v. Goodson) 8th Cir. 199,165 F.3d 610; "The prosecution may not use or solicit false evidence, or allow it to go uncorrected."

# CLAIM THREE

The Board's continued reliance on factors that were not only dismissed by the trial court, but also which have already been defined as immutable and unchanging factors by the courts to justify a parole denial in this case violate both the separation of powers of both the State and Federal Constitution, and petitioner's State and Federal Constitutional Due Process rights under Article VI, Clause 2, and the Fifth and Fourteenth Amendments.

> A. Whether an offense is particularly egregious or exceptionally callous necessary for a denial of parole is determined by adequate evidence that a crime is especially heinous and that, thereby the prisoner presents a <u>current unreasonable threat to public safety.</u>
>
> B. Because of the danger and futility of relying on the commitment offense to predict present dangerousness, post conviction history must be considered.
>
> C. Present Dangerousness cannot be determined by the commitment offense by itself in violation of State and Federal Constitutional Due Process.

    The Parole authority is party to all plea agreements. <u>United States v. Anderson</u>, 970 F.2d 602, 606. Once the court approves and executes the plea, it becomes party to the agreement. (see: <u>People v. Cunningham</u>, 46 Cal. App 4th 1049, 1047). When the court approved petitioner's plea, it bound all the state agencies to that contract. (<u>U.S. v. Quan</u>, 9th Cir. 1986) 789 F.2d 711.

    At petitioner's September 13, 2006, Subsequent Parole Consideration Hearing, the Board used factors of petitioner's commitment offense <u>Dismissed</u> by the trial court to justify denial of parole, stating, "The offense was carried out in a manner which demonstrated a callous disregard for human suffering in that this man was killed in front of his mother and father and his other relatives." (BPH Trans., p.73, 23-26). That the crime was committed in front of the victims "family members and other relatives" is not a circumstance tending to show parole unsuitability under CCR 15 §2402, subds. (c) as relied on by the Board. Nevertheless, the use of this dismissed fact does not logically demonstrate that the crime was exceptional or more atrocious as this factor adds nothing beyond what is minimally necessary to commit the offense. <u>Phifer v. Clark</u>, (7th Cir. 1997) 115 F. 3d 496; "Decisions of the parole commission must have a factual basis."

    Additionally, reliance on such immutable factor without regard to or consideration of subsequent circumstances is both unfair and contrary to the rehabilitative goals exposed by the prison system. <u>Biggs v. Terhume</u>, 334 F. 3d 910 (9th Cir. 2003).

    The Board's decision would have been wholly appropriate 10 or 15 years ago, but today (27 years after the commitment offense) it does not comport with due process – not because the standards have changed but because the passage of time plus evidence of significant positive behavior now reduce the predictive value of the dismissed and immutable circumstances relied upon by the Board below the point where they provide enough evidence to support the decision that petitioner would pose an unreasonable risk of danger to society if paroled.

## CLAIM THREE

      The Board also used the dismissed "special circumstance" allegation that, "multiple victims were attacked, injured or killed in the same or separate incidents" to find petitioner unsuitable for parole (2006 BPH Trans., p. 73, 20). The use of this immutable/dismissed circumstance violates petitioner's State and Federal Due Process Rights.

      The Board will lament that precluding them from being able to use every possible fact against petitioner impinges on their duty to examine the crime and the criminal. The Board cannot avoid the fact that their power in this regard exist by virtue of their position within the executive branch. Aspects of their power may therefore be relinquished by a co-equal division of the executive branch. In such an instance the petitioner is passed to the Board with jurisdictional qualifications and limitations. The Parole Board may not distort the rule of law and avoid the significance of the case's history. <u>Giglio v.U.S.</u> (1972) 405 U.S. 150, 154. The prosecutor's office is an entity and as such it is the spokesman for the government. A promise made by one attorney must be attributed for these purposes to the government. <u>Thompson v. Calderon</u>, (1996) 86 F. 3d 1509. In criminal prosecution, prosecutor represents the state.

      At the conclusion of petitioner's September 13, 2006, Subsequent Parole Consideration Hearing, the Board stated, "... The prisoner is not suitable and would pose an <u>unreasonable risk</u> to danger to society and threat to public safety if released from prison..." (2006 BPH Trans, p.72, 3-6)

      However, petitioner's record(s) indicate quite the contrary. When referring to Petitioner, the CDCR expert, Dr. Macomber's diagnosis states in petitioner's Psychological Evaluation for the Board of Parole Hearings as follows, (Emphasis Added);

> "There are <u>no significant risk</u> factors in this case. The prognosis for successful adjustment in the community in this case is <u>excellent</u>."

Dr. Macomber continued by saying:

> "In considering potential for dangerous behavior when released to the community, the prior comments made in the last evaluation that indicated that his potential for dangerous behavior in society was no greater than the average citizen are still valid. In fact, based upon his level of maturity, growth and understanding, his level of dangerous behavior is probably lower than the average citizen in the community.
>
> This conclusion is supported by the administration of the Level of Service Inventory-Revised. This is an actuarial measure that assesses criminal history, substance abuse, disciplinaries, current attitudes and achievements in prison in order to current risk level on parole. He obtained a score of 1.8 cumulative frequency for prison inmates. This score means that if 100 men were released on parole, he would be expected to do better on parole than 98 of them. <u>This is an extremely low risk level</u>."

The CDCR expert additionally stated, "There is <u>no evidence</u> at all of a criminal orientation or values." The Board was fully aware of this report as well as a plethora or other documented reliable evidence, reading select parts of Dr. Macomber's report into the Hearing Transcripts at pages 43-46.

## CLAIM THREE

The Board failed to cite or provide (point to) any material, Reliable or Documented <u>Evidence</u> showing that petitioner posed a "current" unreasonable danger to the public. Instead, the Board alleged factors that are untrue or are contradicted by the record. The court in <u>U.S. v Goodson</u>, (8th Cir. 1999) 165 F.3d 610 ruled that:
"The prosecution may not use…false evidence, or allow it to go uncorrected."

The state courts made no effort to correct the Board's unsubstantiated claims that petitioner posed a risk or thereat to public safety if released from prison; contrary to all of the available evidence. (see: BPH Trans, p.p. 74-76) Additional reliable evidence before the Board was that petitioner for more than two decades had demonstrated a commitment to remaining totally "disciplinary free", and that there was not a scintilla of violence in his entire time of incarceration. However, the Board determined that petitioner posed an unreasonable risk of danger (and, therefore was unsuitable for parole) because, "the crime itself was carried out in an extremely cruel, cold, and callous manner." (BPH Trans. p. 72, 12-13). Petitioner's commitment offense, which occurred twenty seven years ago, cannot now serve to demonstrate that petitioner's release will pose an imminent danger to public safety. (see: <u>Rosenkrantz v. Marshall</u>, 444 F. supp. 2d 1063, 1084 (C.D.Cal.2006) In re Scott, 133 Cal.App. 4th at 595 ("[T]he predictive value of the commitment offense may be very questionable after a very long period of time.")
"Findings that are necessary to deem a prisoner unsuitable for parole, <u>Irons</u>, 2007 WL 2927359, at *3, are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety. " <u>In re Dannenberg</u>, No. H030031, 2007 WL 3408290 at *9 (Cal.Ct.App.Nov.16, 2007), modified, 2007 WL 4227229 Cal.Ct.App.Dec.3, 2007.
The Board violated petitioner's Federal Constitutional Due Process Rights through its findings of unsuitability. Unsuitability was not supported by any evidence, 27 years after the commitment offense, that petitioner's release would threaten public safety. (<u>Hayward v. Marshall</u> ___F.3d___; 2008 WL 43716 (9th Cir.No.06-55392). Statue dictates that all evidence must have an INDICIA OF RELIABILITY
" Decision of the parole commission must have a factual basis "<u>Phifer v. Clark</u>, (7th Cir. 1997) 115 F.3d 496. The Board failed to cite or provide any material, Reliable or Documented <u>Evidence</u> showing that petitioner posed a "current" unreasonable risk of danger to society or a threat to public safety if released from prison. Instead, the Board alleged factors that are untrue or are contradicted by the record. The court in <u>U.S. v. Goodson</u>, (8th Cir. 1999 ) 165 F. 3d 610, ruled that : " The prosecution may not use… false evidence, or allow it to go uncorrected.
Petitioner's Habeas Corpus challenges the multiple errors made by the Board of Parole Hearings at his September 13, 2006, Subsequent Parole Consideration Hearing, where his Federal Constitution Due Process Rights were violated. <u>Ceja v. Steward</u>, (9th Cir. 1996) 97 F. 3d 1246: "<u>Multiple errors</u>, even if harmless individually, may entitle petitioner to habeas relief if their cumulative effect prejudice defendant."

**6-H**

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases: McQuillion v. Duncan 306 F.3d 895; Biggs v. Terhune
   334 F.3d 910; Eyre v. Potter (U.S.N.C. 1853) 56 U.S. 42, 43; In re
4  Carabes 144 Cal.App.3d 927; Apprendi v. New Jersey 530 U.S. 466;
   In re Elkins 50 Cal.Rptr.3d 503; Martin v. Marshall 444 F.Supp.2d 1038;
5  Hayward v. Marshall ___ F.3d ___; 2008 DJDAR 93 (9th Cir. No. 06-55392);
   In re Dannenberg, 68 Cal.Rptr.3d 191; In re Lee 143 Cal.App.4th
6  1400; Santosky v. Kramer 455 U.S. 745; In re Van Houten 116 Cal.App.4th 339.

7  Do you have an attorney for this petition?          Yes____   No _X_

8  If you do, give the name and address of your attorney:

9  N/A _____

10 WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13 Executed on  April 18, 2008                     /s/ Hampton L. Finney
                                                   Hampton Leon Finney
14          Date                                   Signature of Petitioner

20 (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

L. Finney D70607
120-1-58U
P.O. Box 9
Avenal, CA 93204-0009



United States District Court,
Northern District of California
280 South First Street, Rm 2112
San Jose, CA 95113-3095

first class